Filed 1/25/24  P. v. Guffie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

|  |  |
|---|---|
| THE PEOPLE, | C098235 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR037200, 2019-CR0049151) |
| v. | |
| TOBIE GUFFIE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tobie Guffie asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We ordered supplemental briefing regarding a potential sentencing error and defendant filed a letter brief in response attaching updated sentencing information from the Department of Corrections and Rehabilitation (CDCR).  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

BACKGROUND

This case returns to us after a remand for resentencing. "After a woman ended a relationship with defendant, defendant became angry, broke into the victim's home, and stabbed the victim with a pitchfork. A jury found defendant guilty of premeditated attempted murder with a deadly weapon ([Pen. Code,][1] §§ 187, subd. (a), 664, subd. (a), 12022, subd. (b)(1)), first degree burglary (§§ 459, 460, subd. (a)), assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)), and felony vandalism (§ 594). For premeditated attempted murder, the trial court sentenced defendant to life in prison with the possibility of parole. The trial court stayed execution of the sentences for the remaining offenses pursuant to section 654." (*People v. Guffie* (July 22, 2022, C094460) [nonpub. opn.].)[2]

On direct appeal, defendant argued legislative changes by Assembly Bill No. 518 (2021-2022 Reg. Sess.) required the case be remanded so the trial court could exercise its new discretion under section 654 to select which of defendant's sentences to impose and which to stay. (*People v. Guffie, supra*, C094460.) This court vacated defendant's sentence and remanded the case for resentencing. (*Ibid.*)

On remand, defendant submitted documents showing his rehabilitative activities in prison. The court accepted the documents but determined they were unpersuasive as to the total sentence. The trial court imposed the same sentence it had originally imposed for the attempted murder conviction and stayed execution of sentence for the other counts. The court allowed CDCR to calculate defendant's current custody credits.

Defendant filed a timely notice of appeal.

---

**1**      Undesignated statutory references are to the Penal Code.

**2**      We previously granted defendant's request to incorporate by reference the record from defendant's direct appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)

After examining the entire record pursuant to *Wende*, we requested briefing from the parties on whether the trial court erred when it failed to recalculate defendant's custody credits at the resentencing hearing.

Defendant filed a form maintained by CDCR that indicates that CDCR has continuously updated his custody credits since his original sentencing hearing and the current total days served had been updated as of the date the form was produced. Although the appropriate procedure for the sentencing court when resentencing on remand is to "recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody," CDCR appears to have accurately credited defendant with the required custody credits. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
RENNER, J.

/s/
MESIWALA, J.